UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL DAYTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REILLY, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-2093 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se.  On November 6, 2020, plaintiff filed a letter accompanied by a civil subpoena duces tecum requesting various documents, as well as preservation of the video recording of the January 9, 2020 incident at issue herein.  Plaintiff claims that such video exists because it was used during the fact investigation conducted in connection with his appeal no. SAC-A-20-00773; AIMS 3 N-AIMS-SAC-0112-20 (second level response).  (ECF No. 8.)

　　　　Plaintiff's filing is premature.  Defendants have not yet been served with process or appeared in this action.  Discovery will not begin until the undersigned issues a discovery and scheduling order.  Then, once discovery begins, plaintiff should seek the production of documents by propounding such requests to defendants, rather than by subpoena duces tecum.[1]  Fed. R. Civ.

---

[1] Because plaintiff proceeds in forma pauperis, the court's authorization of a subpoena duces tecum is limited.  Personal service of a subpoena duces tecum is required, Fed. R. Civ. P. 45(b),

1

1  P. 34.  Such discovery requests are not filed with the court unless and until a discovery dispute

2  arises.  In addition, plaintiff should attempt to confer with defendants' counsel prior to filing any

3  motion concerning such disputes.  Fed. R. Civ. P. 37(a)(1).

4       Once defendants have been served and appeared in this action, plaintiff may write to

5  defendants' counsel and request that the video be preserved as evidence in this proceeding.  Such

6  letter will put defendants on notice that plaintiff intends to introduce the video as evidence herein.

7       Accordingly, IT IS HEREBY ORDERED that plaintiff's request for subpoena duces

8  tecum (ECF No. 8) is denied without prejudice.

10  Dated:  November 13, 2020

12  /dayt2093.sdt

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

24  and "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court."  Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C.
25  § 1915(d).  Limitations on subpoenas include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information.  Fed. R. Civ. P.
26  26, 45.  A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the *records are obtainable only*
27  *through the identified third party*.  See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal.
28  2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010) (emphasis added).