UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL DAYTON,<br><br>            Plaintiff,<br><br>     v.<br><br>REILLY, et al.,<br><br>            Defendants. | No.  2:20-cv-2093 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  This action proceeds on plaintiff's claims that on January 9, 2020, while housed at California State Prison, Sacramento, knowing plaintiff suffered from serious mental health issues, defendants Reilly and Hood were deliberately indifferent to an excessive risk to plaintiff's safety and failed to protect him from attempting suicide in violation of his Eighth Amendment rights.

This action was stayed on February 2, 2021, as part of the court's Post-Screening ADR Project.

On February 22, 2021, plaintiff filed a motion asking for permission to file a motion for protective order or temporary restraining order.  Plaintiff states he fears reprisals for filing this civil case.  In the accompanying notice, plaintiff claims this matter is exigent and that his life is in danger.  (ECF No. 24.)  Plaintiff provided no specifics as to any potential threat.

////

1

Plaintiff is no longer housed at California State Prison, Sacramento.  Plaintiff is advised that the pendency of an action does not give the court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).[1]  This court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.  Therefore, it is unclear whether this court could grant plaintiff any relief based on his current circumstances at the California Medical Facility, particularly if such circumstances do not involve defendants Reilly or Hood.

In addition, plaintiff provided no facts demonstrating that he is in imminent danger; indeed, in his motion, he claims that he "may" be in danger.  Absent specific facts as to plaintiff's current situation, plaintiff's motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 23) is denied without prejudice.

Dated:  February 24, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dayt2093.den

---

[1]  In addition, plaintiff's claims challenging his conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983."  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  The Supreme Court has held that courts may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA, even to take into account "special" circumstances.  Ross v. Blake, 136 S. Ct. 1850 (2016).